JOSEPH SIMON and JONNIE H. SIMON, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Simon v. Commissioner
Docket Nos. 830-77, 831-77, 832-77.
United States Tax Court
T.C. Memo 1982-8; 1982 Tax Ct. Memo LEXIS 738; 43 T.C.M. (CCH) 269; T.C.M. (RIA) 82008; January 11, 1982. *738 Held, the distribution to the shareholders pursuant to a reorganization has the effect of a distribution of a dividend within the meaning of section 356(a)(2) and their gain realized is to be treated as a dividend to the full extent of the boot property received. William S. Duke, for the petitioners. Thomas R. Thomas, for the respondent. SCOTT
SUPPLEMENTAL MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the years and in the amounts as follows: Fiscal Year
Petitioners
Ended
Deficiencies
Joseph and Jonnie H. Simon
1974
$ 4,175
Warner L. and Hazel Mathis
1974
13,267
John M. Beard, Jr.
1974
4,621
On December 27, 1978, the original Findings of Fact and Opinion of this Court was filed, , and on April 16, 1979, the decision of this Court was entered. Respondent appealed our decision to the United States Court of Appeals for the Fifth Circuit, and on April 17, 1981, that Court remanded the case to this Court for further proceedings in accordance with its opinion, *740 . The opinion stated in part (): Since the Tax Court held the distribution in this case was incident to a liquidation rather than a reorganization, it did not reach the issue of whether the distribution had "the effect of a dividend" within the meaning of section 356(a)(2). We therefore remand the case to the Tax Court for resolution of that issue and of the ultimate tax liability of the taxpayers. The Court of Appeals did not disturb our Findings of Fact and we will not repeat those findings herein except as they relate to the character of the distribution. The parties were given the opportunity to file briefs with respect to this issue on remand and they both filed a notice of intent not to file any additional briefs. Pursuant to the remand, we must determine the character of the distribution to the shareholders of Capital Sales, Inc. (Sales). Where a shareholder receives a distribution of "boot" property in connection with a reorganization, section 356(a)(1) [2] provides that the shareholder's gain realized on the exchange of stock will be recognized but only in the amount of *741 the boot received. With respect to the character of the recognized gain, section 356(a)(2) provides that if the exchange "has the effect of the distribution of a dividend," then the gain recognized will be treated as a dividend to the extent of the shareholder's ratable share of the corporation's accumulated earnings and profits. The balance of the recognized gain, if any, is to be treated as gain from the exchange of property, that is, capital gain, absent dealer status and section 1221(1). *742 After the sale of its operating assets to Southern Sash Supply Co. (Supply), Sales dissolved and distributed cash in the amount of $ 111,786.84 and stocks of a value of $ 23,864 to its shareholders in liquidation. The cash and stocks were distributed to each of the shareholders in accordance with their percentage ownership in Sales. Mr. and Mrs. Mathis, Mr. Beard, and Mr. Simon collectively owned 94.44 percent of Sales prior to its dissolution, and 98 percent of Supply during the period here in issue. From these facts, it is clear there was a pro rata distribution to the shareholders by Sales. Such a pro rata distribution has consistently been held to have the effect of a dividend within the meaning of section 356(a)(2). , affg. ; ; . We must then determine the extent to which the boot distributed constitutes a dividend. Section 356(a)(2) provides that a shareholder's gain recognized will be treated as a dividend to *743 the extent of his ratable share of the accumulated earnings and profits of the corporation. It is our position that only the earnings and profits of the transferor corporation should be taken into account in this determination. Atlas Tool Co. v. Commissioner, supra, 70 T.C. at 107; . This case is appealable to the Eleventh Circuit Court of Appeals. However, it would have been appealable to the Fifth Circuit Court of Appeals prior to the establishment of the Eleventh Circuit. The Eleventh Circuit has announced-- that the decisions of the former Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit * * *. [.] Since petitioners held 94.44 percent of the stock of Sales and 98 percent of the stock of Supply, the instant case is not distinguishable from , reversing on this issue and affirming *744 on other issues . Therefore, despite our consistent holding to the contrary, under the rule of , affd. on other issues , we will follow the holding of the Fifth Circuit in , and combine the earnings and profits of Supply and Sales in determining the amount of the dividend received by the shareholders. For their respective fiscal years ending in 1973, Supply had retained earnings of $ 764,885 and Sales had retained earnings of $ 121,637. [3] Therefore, the entire distribution from Sales to petitioners is a dividend and is taxable to them as dividend distribution. *745 Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Warner L. Mathis and Hazel Mathis, docket No. 831-77; John M. Beard, Jr., docket No. 832-77.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. Sec. 356(a) provides as follows: SEC. 356. RECEIPT OF ADDITIONAL CONSIDERATION. (a) Gain on Exchanges.-- (1) Recognition of gain.--If-- (A) Section 354 or 355 would apply to an exchange but for the fact that (B) the property received in the exchange consists not only of property permitted by section 354 or 355 to be received without the recognition of gain but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property. (2) Treatment as dividend.--If an exchange is described in paragraph (1) but has the effect of the distribution of a dividend, then there shall be treated as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be treated as gain from the exchange of property.↩
3. We recognize that a corporation's retained earnings are not computed in the same manner as are earnings and profits for tax purposes. See B. Bittker & J. Eustice, Federal Income Taxation of Corporations & Shareholders, P7.03 (4th ed. 1979). However, petitioners have not supplied us with a computation of earnings and profits. In any event, because of the amount of Supply's retained earnings, the difference between the two figures could not be sufficient to alter our decision that the entire distribution is a dividend.↩